George W. Roper *v.* Elizabeth Magee et al.

Plaintiff sued originally upon a *quantum meruit* for materials furnished and work done in building a house, and afterwards, by an amendment admitted by the court, set up a written contract. (10 An. 61.)

On the case being remanded, the defendants objected to the action being maintained against them' because they had not been put in default. *Held:* That this case does not come within the rule relied on by defendants.

The Act of 1839 repealed Article 554 C. P., and implies the allowance of interest on unliquidated demands.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *M. M. Cohen,* for plaintiff. *Alfred Hennen,* for defendants and appellants.

Voorhies, J. This case has already been before us. The report of the experts having been set aside, it was remanded to be proceeded in according to law. See 10 An. 61, 63.

The defendants are again appellants from a judgment rendered against them in favor of the plaintiff.

It appears from the judgment thus rendered that they were debited with the sum of $1325, as the price stipulated for the work specified in the contract, and $225 for extra work, deducting therefrom, as credits, the sum of $1100, acknowledged to have been received by the plaintiff, and $75 to complete some of the work shown to be defective. The result thus presented is, we think, justified by the evidence.

From a careful examination of the evidence, we are not enabled to say that the Judge erred in rejecting the claim for damages set up by the defendants in reconvention, alleged to have been sustained by them in consequence of the failure of the plaintiff to perform the work within the stipulated term.

The appellants have submitted several questions of law to our consideration.

1st. That the action cannot be maintained, as the defendants have not been put in default.

The case at bar does not come within the operation of the rule relied upon. See the case of *Loreau* v. *Declouet,* 3 L. R. 1.

2d. That the judgment should have been rendered against the defendants jointly and not *in solido.*

It is clear that the obligation of the defendants was joint and not *in solido;* hence the judgment is erroneous and must be reversed. C. C. 2075; 15 L. R. 588; 3 An. 162.

3d. That interest was improperly allowed the plaintiff on his claim, which was liquidated, from judicial demand.

The Article 554 of the Code of Practice, on which the appellants rely, was repealed by the Act of 1839, implying thereby that interest might be allowed on accounts or unliquidated demands.

It is, therefore, ordered, that the judgment of the court below be avoided and reversed; that the plaintiff recover of the defendants jointly the sum of three hundred and seventy-five dollars, with legal interest thereon from judicial demand until paid, and also the costs of the District Court, for the payment of which said defendants shall be bound *in solido;* and it is further ordered, that the costs of this appeal be paid by the plaintiff and appellee.