<div style="text-align: right;">15  463<br>Case 1<br>106  321</div>

Where the destruction of an instrument is shown by direct testimony, the oath of the party is not required by Art. 2258 of the Civil Code.

It is only necessary, by Art. 2259, that the loss of an instrument be advertised within a reasonable time, and this may be done in a proper case as well after, as before suit is brought.

Where the paper is shown to have been destroyed, no advertisement is required.

Where the defendant does not ask for security against the future appearance of an instrument alleged to have been lost, the plaintiff is not bound to furnish it.

By the Acts of 1852 and 1855, all debts bear interest, at five per cent., from maturity.

APPEAL from the District Court of the Parish of Franklin, *Mayo*, J.
*Harper & Whyte*, for plaintiff. *M. A. Jones*, for defendant and appellant.

Merrick, C. J. This suit is brought upon a draft alleged to have been destroyed by the explosion of the steamboat Princess.

Defendants appeal.

It is objected, that the circumstances tending to show the loss are not supported by the oath of the party; that the loss of the note was not advertised until after this suit was commenced; that the plaintiff has not been required to give bond against the future appearance of said draft; and that the court erred in rendering judgment for interest.

Where the destruction of an instrument is shown by direct testimony, the oath of the party is not required by Art. 2258 of the Civil Code.

Art. 2259 only requires that the loss be advertised within a reasonable time, and this may be done in a proper case as well after as before suit brought. Moreover, where the paper is shown to be destroyed, no advertisement is required. 8 An. 131.

It does not appear that the defendant asked for security in the lower court under Art. 2258 C. C.

In the absence of such requirement in the lower court, we cannot say that the District Judge erred on this part of the case.

The judgment bears only five per cent. interest, which is given by the Acts of 1852, p. 95, and 1855, p. 353. The authorities cited by defendant are decisions prior to these statutes.

Judgment affirmed.

---

## State of Louisiana v. Slave Solomon.

A slave cannot be sentenced to punishment after he has been acquitted by the finding of the jury and the magistrates.

APPEAL from the Fourth Ward Justice's Court of the Parish of Morehouse. *Frank P. Stubbs*, for plaintiff. *D. C. Morgan*, for defendant and appellant.

Voorhies, J. The accused was tried for the crime of murder, and, although

<div style="margin-left:left">STATE<br>v.<br>SOLOMON.</div>

acquitted by the finding of the jury and of the magistrates, was sentenced to receive corporal punishment.

The course pursued by the special tribunal, in this instance, is unwarranted in law. A slave cannot be subjected to punishment when he is acquitted of the charges preferred against him. This power is not conferred by the 28th section of the Act of 1857, relative to slaves. Sess. Acts, p. 229 ; *State* v. *Slave Charles*, 14 An. 649.

It is, therefore, ordered and decreed, that the judgment of the special tribunal, in so much as it acquits the prisoner, be affirmed ; and that, in other respects, the same be avoided and annulled.