(76 South. 711)

No. 22473.

BENSON v. WILKINSON et al.

(Oct. 29, 1917.)

*(Syllabus by the Court.)*

1. MECHANICS' LIENS ⬅229—CONTRACTOR'S BOND—PENALTY.

The only penalty imposed by Act No. 221 of 1914, where the owner fails to require that a contractor's bond be made payable to subcontractors, workmen, laborers, mechanics, and furnishers of material, is to place upon the owner and in favor of such subcontractors, workmen, laborers, mechanics, and furnishers of material the same liability as would rest upon the surety in such bond.

2. MECHANICS' LIENS ⬅134—SWORN STATEMENT—STATUTE.

A written declaration duly sworn to, showing the nature of the claim, the amount thereof, and indicating the purpose of its registry to be the preservation of a lien against certain described property, is a sufficient compliance with the provision of Act No. 221 of 1914, requiring every person having a claim, not in the form of a written contract, against the undertaker to record a sworn statement thereof.

3. MECHANICS' LIENS ⬅149(1) — DECLARATION OF CLAIM—BILL OF ITEMS.

Such a declaration need not contain a bill of items, for the purpose of offering a surety an opportunity to check against the undertaker's fraud.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Concursus proceeding by Meyer Benson against J. V. Wilkinson and others. From the judgment, plaintiff and certain of the defendants appeal. Affirmed.

Elias Goldstein, of Shreveport, for appellant Benson. S. C. Fullilove and D. C. Scarborough, Jr., both of Shreveport, for appellant Globe Indemnity Co. Barret & Files, of Shreveport, for appellee Morris.

LECHE, J. The above-entitled cause is a concursus brought at the instance of plaintiff, under the provisions of Act 167 of 1912, as amended by Act 221 of 1914.

Plaintiff had entered into a written contract with J. V. Wilkinson, whereby the latter bound himself to provide all the materials and to perform all the work for the construction of a two-story frame residence, walks, fences, etc., on the property of said plaintiff, in the city of Shreveport. The consideration to be paid by plaintiff for said work and material was fixed at $6,200. In order to guarantee the faithful performance of all the covenants and agreements on his part, as contained in the said building contract, the said J. V. Wilkinson furnished in favor of plaintiff a bond signed by the Globe Indemnity Company, as surety, for an amount equal to the price stipulated in the contract. When the work was completed, liens in favor of subcontractors and materialmen, aggregating $3,832.86, had been filed against the building, and plaintiff, owner, having then on hand for account of the contractor a balance amounting only to the sum of $1,385.-75, filed the present proceeding and caused all parties in interest to be cited, in order to assert their claims.

Judgment was rendered against plaintiff and in favor of various subcontractors and materialmen, in the sum of $3,400, and in favor of plaintiff and against the contractor and his surety for a like amount, less $1,385.75.

From this judgment, appeals were taken by the Globe Indemnity Company, by plaintiff and by the W, K. Henderson Iron Works & Supply Company.

Plaintiff concedes that his only purpose in appealing was to protect himself as against the appellees, in case we should alter or amend, in favor of the appellant surety company, the judgment rendered by the district court. Our inquiries will then be limited to the errors complained of by the said surety company.

## Opinion.

Appellant Globe Indemnity Company's first complaint is that the bond being given in obedience to the provisions of Act 221 of 1914 and that the plaintiff, owner, having failed to exact as a condition of the bond that it be in favor of the "subcontractors, workmen, laborers, mechanics and furnishers of material, jointly as their interest may occur," as required by the provisions of said Act 221 of 1914, therefore it is not liable to the said subcontractors, workmen, laborers, mechanics, and furnishers of material.

[1] Act 221 of 1914, in force at the time the contract in this case was made, was enacted in order to amend section 1 of Act 167 of 1912, in regard to building contracts, and it provides in substance that the owner shall require of the undertaker, etc., a bond with good and solvent surety, conditioned for the true and faithful performance of the contract and the payment of all subcontractors, workmen, laborers, mechanics, and furnishers of materials, etc.; the said bond to be made in favor of the owner, subcontractor, workman, laborer, mechanic, and furnisher of materials jointly as their interest may occur. It also provides that if the owner fails to exact bond, or if he fails to cause same to be recorded in the office of the recorder of mortgages in the manner or in the time hereinabove provided, the owner shall be in default and shall be liable to the same extent as the surety would have been, and all subcontractors, workmen, laborers, mechanics, and furnishers of materials shall have a first privilege on said building or improvement to secure the amount due them when their claims are recorded as herein provided. The said act further provides that the surety shall be limited to such defenses only as the principal on the bond can make.

It is apparent that the penalty, and it is the only penalty mentioned or provided for in the act, where the owner fails to exact a bond as therein required, is that he (the owner) shall be liable to the same extent as a surety would have been, and that this penalty redounds to the benefit of the subcontractors, workmen, laborers, mechanics, and furnishers of materials, and it can in no wise be interpreted as releasing the surety. In other words, when plaintiff failed to have the bond made in favor of the subcontractors, etc., as well as in favor of himself, the only wrong he committed was towards the said subcontractors, etc., because he deprived them of the benefit of a direct right of action on the bond, but he thereby committed no wrong against the surety on the bond and the latter has no legal cause of complaint. Whatever may be said as to the form of a bond required under Act 221 of 1914, the one involved in this case would still unquestionably be valid and binding as a conventional obligation. The principal could not complain of its form, and neither, therefore, can the surety.

The court's attention is also called to a clause in the bond to the effect that "this obligation shall remain in full force and effect until the final completion and accep-

tance of the work," while the statute provides that the bond shall remain in full force and effect "for a period of thirty days after the final completion and acceptance of the work." Appellant surety company does not point out what injury it has suffered by the clause in question, and we can discover none. The words "shall remain in full force and effect until final completion and acceptance of the work" simply mean that the surety shall be responsible for all the obligations which the principal has assumed in order to completely carry out his building contract.

Appellant Globe Indemnity Company further suggests that there is error in the judgment of the district court in allowing interest on the claims of the subcontractors and materialmen from July 27, 1916, instead of January 27, 1917, when the judgment was rendered. The plain language of the Code (C. P. art. 554) is that interest shall be allowed on all debts from the time they become due, and it is not pretended that the claims recognized in the judgment were not due on July 27, 1916.

[2, 3] Same appellant finally complains that evidences of some of the claims recorded against the building were not sufficiently detailed, and that the proof was not made sufficiently certain that the labor and material, for the payment of which it has been condemned, were actually employed in the construction of the building. It also suggests that the contractor might have fraudulently used material, ostensibly bought for plaintiff's building, in the construction of some other building or for his own personal benefit.

The object of registry is notice and a written declaration. duly sworn to, showing the nature of the claim, the amount thereof, and indicating the purpose of its registry to be the preservation of a lien against certain described property, is a full compliance with the provision of Act 221 of 1914, requiring every person having a claim against the undertaker to record a sworn statement thereof. It never was the purpose of this provision of the statute to require such person to file a bill of items in order to enable a surety on an undertaker's bond opportunity to check against the undertaker's fraud.

Fraud is not pleaded nor is it directly charged in argument by appellant; it is merely suggested. But the principle that it will never be presumed is well imbedded in our jurisprudence. The claims recognized by the district court as secured by privilege on the building constructed for plaintiff seem to have been recorded in due form, they were all recognized by the contractor as representing labor and materials actually used by him for the construction of the building, and the proof in the record amply supports their recognition.

Appellant W. K. Henderson Iron Works & Supply Company has not favored us with a brief, and we see no reason why the judgment appealed from should be altered or amended as to its claim.

The judgment appealed from is affirmed.