## SUCCESSION OF KERRY

v.

## FREED REALTY CO., Appellant

---

(July 14. 1927. Opinion and Decree.)

---

*(Syllabus by the Court)*

1. Louisiana Digest—Builders and Buildings—Par. 17.—Obligations—Par. 104.

A contractor may recover the value of his work which has inured to the ben-

efit of the owner, although the work is unfinished or defective; if a price has been agreed on the remedy of the owner is a reduction of the price.

2. **Louisiana Digest—Interest—Par. 18, 25, 26.**

All debts bear interest at five per cent per annum from the time they become due.

Appeal from First City Court.  Hon. Val J. Stentz, Judge.

Action by Succession of Charles W. Kerry against Freed Realty Company, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

H. Grady Price, of New Orleans, attorney for plaintiff, appellee.

Edw. Dinkelspiel, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J.  This is a suit by the administratrix to recover the value of wall-papering done by Charles W. Kerry, now dead.

The plaintiff alleged that in October, 1923, the deceased made a contract with the defendant to paper certain rooms in a house the property of the defendant, No. 2326 Magazine Street, for the price of $185.00; that it was subsequently agreed that a better quality of paper should be used at an increased price of $145 and that the deceased also made some plastering worth $15, making a total of $245, for which she claims judgment.

The defendant admitted that it had contracted with the deceased to do certain papering in the property, No. 2326 Maga-zine Street, for $185 mentioned in the petition; but it alleged that the work done by the deceased was so very poorly done that it declined to pay for it; "that the work, as done by said Kerry, was of no value to it and in no way improved its property".

The court reduced the amount claimed by $25, which he considered as the cost of doing over some of the work, and rendered judgment in favor of the plaintiff for $180.  Owing to the death of Kerry the claims of $45 and $15 could not be proved and, being denied by the defendant, were not allowed.

On behalf of plaintiff two paper-hangers testify that the work was done in a workmanlike manner, that some defects existing could have been cured for $24.  An expert paper-hanger and two members of the defendant company swear that the work was badly done, that the paper, for lack of sizing on the walls, was falling off and that there were patches in several places.

The plaintiff was handicapped in establishing her claim by the death of Charles Kerry, the contractor, and of his brother who helped to do the papering.

On the other hand, defendants had been in the enjoyment of plaintiff's labor and materials from October, 1923, up to the time of the trial of this suit, some time in 1927, a period of over three years, by occupying and leasing the property, and never made any repairs of any kind to the paper; and during that period the house remained unoccupied and closed for some nine months.  We are of the opinion that

under the circumstances the objections of the defendants come too late.

The trial judge allowed the defendant $25 for repairs and rejected $60 for extra work not proved. We are of the opinion that his judgment has done substantial justice. Cole vs. Central Contracting Co., 5 La. App. 516. No. 7466, Orl. App., Nov. 2, 1926.

The judgment allowed interest from judicial demand. Appellee has prayed for an amendment of the judgment, asking legal interest from October 27th, 1923, the date of the completion of the work, as prayed for in his petition. He is entitled to the amendment. C. C. 1938 (1932); Weaver vs. Cox, 15 La. Ann. 463; Succ. of Stephen Yarborough, 6 La. Ann. 258; Tarver vs. Winn, 18 La. Ann. 558; Benson vs. Wilkinson, 142 La. 277, 76 South. 711; Roper vs. Elizabeth, 12 La. Ann. 409.

Judgment amended by granting plaintiff five per cent per annum interest on one hundred and sixty dollars from October 27th, 1923, till paid, and as thus amended that the judgment be affirmed.