R. T. PENDER, INC., v. VAN HOLTEN ET AL.

(February 25, 1929.  Opinion and Decree.)
(March 18, 1929.  Rehearing Refused.)

John J. Reilley, of New Orleans, attorney for plaintiff, appellee.

William C. McLeod, of New Orleans, attorney for defendants, appellants.

JONES, J.  Plaintiff, a material furnisher, sues the owner, William J. Montgomery, and the contractor, Cornelius Van Holten, for a balance due of $440.90, with interest and costs, alleged to be due for materials furnished and used at Montgomery's residence in this city.  Suit is brought against the owner because he failed to exact a bond as the law requires.

Attached to the petition are itemized bills running from July 6, 1925, up to August 28, 1925, totaling $453.17, and showing credits for merchandise returned of $12.20, leaving amount claimed as balance due.

The answer filed by the contractor admits that he purchased all the materials shown in the account and used them on the owner's house, but he alleges that these materials were purchased by him as agent of the owner, and not on his own responsibility.

The owner admits the purchase of the materials and alleges that only a portion of them were used in his house.  He also avers that he did not exact a bond because plaintiff recommended Van Holten to him as a reliable workman.  He then avers that Van Holten had failed to complete the contract and that he had been obliged to employ another painter at additional cost to him.

There was judgment below against both

parties in solido. Defendant Montgomery alone has appealed.

The record shows that there was a written contract between Montgomery and Van Holten to do the painting and papering at Montgomery's residence for the price and sum of $791.00, that this contract was not recorded and no bond was exacted. Plaintiff filed an affidavit of his claim in the mortgage office on December 23, 1925, and on the same day served a sworn account on the owner. The work had not been accepted by the owner when suit was filed. In addition to the admission in the answer by the contractor that he had obtained and used the material, there is in the record a letter from the contractor to plaintiff of April 1, 1926, in which the correctness of this account and the use of the materials in Montgomery's home are both admitted by the contractor. When this document was offered in evidence it was objected to by the attorney for Montgomery on the ground that it was not binding on him. The evidence shows that all the material was sold and delivered at Montgomery's residence and Montgomery admits that the greater part of it was used there and he cannot state exactly how much was used elsewhere.

This defense is not sound. The controlling law in this case is the first sentence of Section 5 of Act 139 of 1922, which remains the same in Act 230 of 1924. That sentence reads as follows:

"If the bond is found to be insufficient in amount or not to have a proper and solvent surety, or if the owner fails to require a bond, or if he fail to record the contract and bond during the time herein provided, he shall be liable to sub-contractors, journeymen, cartmen, truckmen, workmen, laborers, and mechanics and furnishers of material to the same extent as the surety would have been."

In the case of Richardson vs. Dasaro, No. 10,550 (unreported) of the docket of this Court, it was said:

"Under Section 5 of Act 129 of 1922 as amended by Act 230 of 1924, if the owner fails to require a bond he becomes liable to material men, etc., to the same extent as the surety would have been."

It has been repeatedly held by the appellate courts of this state and by the Supreme Court, that the owner who fails to require a bond for a building contract becomes liable to material-men.

The Supreme Court, in the case of Graphic Arts Bldg. Co. et al. vs. Union Indemnity Co. et al., 163 La., p. 1, 111 So. 470, says:

"Contractor and his surety are equally liable to materialmen for material specially manufactured and delivered to contractor in accordance with plans and specifications of building, though unidentified portion amounting to one-third of materials was not used in building, but used by contractor in other buildings."

Here they held surety liable, although all the material was not used in the building on which bond was given. Under the law an owner failing to exact bond stands in the place of the surety:

Shreveport Mutual Bldg. Assn. vs. Whittington, 141 La. 41, 74 So. 591.

Audubon Homestead Assn. vs. Stef Lumber Co., 158 La. 1054, 105 So. 62.

Fidelity Homestead Assn. vs. Kennedy & Anderson, 158 La. 1069, 105 So. 64.

Madison Lumber Co. vs. Bachemin, vol. 118, No. 5, So. Rep., p. 141.

Madison Lumber Co. vs. McGrath et al., Adv. Rep., La. Courts of Appeal, vol. 9, No. 27, p. 105.

Favrot Supply Co., Inc., vs. Paul J. Bachemin & U. S. Fidelity & Guaranty Co., — La. App. —, 120 So. 723.

For above reasons, the judgment is affirmed.