YELVERTON, Judge.
Our Lady of the Sacred Heart Catholic Church entered into a contract with Beau Bassin Construction Company for the re-modelling of the church. A notice of contract was filed on June 14, 1985. Article 5 of the contract, entitled Progress Payments, contained the following:
9.3.1.1 In lieu of performance bond, Contractor shall prepare and submit to the architect an affidavit that, as of the date payment has been requested, all outstanding materials and labor suppliers and/or workmen have been paid and no one eligible for a labor or material lien on the project has any amounts still due which could give rise to such a lien. Payment shall be based on ninety percent (90) of the amount due the contractor on account as progress payment. The owner shall pay the contractor 90% of the total contract price upon completion of the job and receipt of the can-celled checks for material and labor and an affidavit that the contractors (sic) has paid all materials and labor. Final ten (10) percent payment shall be made after the contractor presents to the Owner a lien free certificate.
Beau Bassin subcontracted with Floyd J. Breaux Painting Contractor, Inc., for the dry wall covering and painting in the church. Progress payments were made according to the contract. Breaux signed a waiver of lien for $12,555 on August 12, 1985, and a waiver of lien for $14,779.80 on August 28, 1985. On September 5, 1985, the work was accepted by the church, and on October 4, 1985, the Clerk of Court of Acadia Parish issued a lien certificate indicating that there was no record of liens arising from the contract.
On December 19, 1985, Breaux sent a letter to Sacred Heart Church demanding payment of a balance of $3,037.20, plus interest. The church denied liability and Breaux filed this suit.
Both parties moved for summary judgment, and a summary judgment was granted in favor of Sacred Heart. Breaux appealed. We affirm.
Breaux, as a subcontractor, had a claim against Sacred Heart, as owner, to secure payment for the price of its work under La.R.S. 9:4802(A). La.R.S. 9:4822 specifies the procedure which must be followed in order for a subcontractor to preserve his claim. This statute provides that if a notice of contract is filed as provided by La.R.S. 9:4811, which was done in this case, those persons granted a claim by La.R.S. 9:4802 shall file a statement of their claim within 30 days after the filing of a notice of termination of the work.
Here, the acceptance was recorded September 5, 1985, and the lien certificate by the Clerk of Court was dated October 4, 1985. The demand on the church for the remainder due Breaux under his contract with Beau Bassin was not made until December 19, 1985, which was beyond the prescribed time period provided by La.R.S. 9:4822. A subcontractor who does not have a contract with an owner and who failed to file and record a lien against the owner within the time period prescribed by law cannot recover from the owner for labor performed. Eagle Plumbing, Heating, Etc. v. Ragusa, 517 So.2d 280 (La.App. 1st Cir.1987).
On this appeal the appellant assigns as error the granting of a summary judgment because the trial court considered the affidavit of the pastor of the church that was not made on personal knowledge. It is also alleged to be error that the trial court considered another affidavit by a different individual filed on the date of hearing, too *649 late for consideration. The affidavit of the pastor did not specifically declare that it was made on his personal knowledge, but every fact recited in the affidavit could have been within the affiant’s personal knowledge, and appellant does not tell us what fact or facts recited therein are disputed. Moreover, this affidavit, as well as the later filed affidavit, contained merely recitals of facts which are admitted in the pleadings. It is clear from a review of the record that there is no genuine issue as to any material fact, and that the church was entitled to judgment as a matter of law. La.C.C.P. arts. 966 and 967.
Appellant’s other assignment of error is the argument that under the contract language quoted above, by waiving the requirements of a bond, the church became its own surety. We agree with the trial court that this language falls far short of the requirement of former La.C.C. art. 3039 (now Article 3038) that suretyship must be express. See also the holding in Eagle, supra.
For the above reasons, the judgment of the trial court granting summary judgment to Sacred Heart is affirmed. Breaux will pay the costs of this appeal.
AFFIRMED.