569 So.2d 288 (1990)
NEWT BROWN, CONTRACTOR, INC., Plaintiff/Appellant,
v.
MICHAEL BUILDERS, INC., et al., Defendants/Appellees.
No. 21,868-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1990.
Writ Denied January 11, 1991.
*289 Campbell Campbell & Johnson by John T. Campbell, Minden, for plaintiff/appellant.
M.F. Rick Fayard, Jr., Bossier City, for Michael Builders.
Cook, Yancey, King & Galloway by Charles G. Tutt, Shreveport, for The Montessori School.
Before NORRIS, LINDSAY and HIGHTOWER, JJ.
NORRIS, Judge.
Plaintiff, Newt Brown Contractor, Inc. (Brown), filed this suit under the Private Works Act against defendants, Michael Builders, Inc. (Michael), general contractor, Premier Assurance and Casualty Company (Premier), surety, and the Montessori School of Shreveport, Inc. (the School), owner, seeking an award of $16,949.05 plus interest against all three defendants in solido for services performed and materials supplied by Brown on a building project for the School. The School answered the petition and asserted that any claim Brown may have had against it as owner was extinguished when Brown did not timely file a statement of its claim or privilege as required by LSA-R.S. 9:4822 A. The trial court rendered judgment in favor of Brown against Michael and Premier in solido for the full amount prayed for in the petition. However, it denied Brown's demands against the School. Brown appeals the portion of the judgment which releases the School. We affirm the judgment of the trial court.

FACTS
On June 23, 1988, the School contracted with Michael for the performance of alterations and additions to the School premises located at 2605 Hopewell Street in Shreveport for $120,000. A notice of contract with a bond attached was filed and recorded in the mortgage records of Caddo Parish on June 24, 1988. Michael subcontracted with Brown to supply a sandy dirt material for the foundation and additionally to excavate the foundation. Its bill for work performed and materials supplied was $16,949.05. Mr. Gary Brown, owner and president of Brown, testified at trial that at the time of trial the bill was still unpaid.
On November 16, 1988, the School filed and recorded a notice of termination of work in the mortgage records of Caddo Parish. On January 9, 1989, 53 days later, Brown recorded in the mortgage records an affidavit of lien and privilege affecting the School property. In brief, Brown admits that it later released its privilege on the property, but maintains that its claim against the School under the Private Works Act (the Act) remains valid.
Brown filed suit on June 28, 1989 against all three defendants. It alleged its claim against the School was valid because the School did not require the general contractor to furnish a bond of a solvent, legal surety. LSA-R.S. 9:4812. The School conceded by admission of fact that Premier, not domiciled in Louisiana, was not authorized to transact business as a surety in Louisiana; thus, it was not a legal surety. LSA-C.C. art. 3065. However, by answer to the petition, the School asserted that the claim was extinguished when Brown did not timely file its lien or statement of claim as required by LSA-R.S. 9:4822.
On October 16, 1989, the School filed a motion for summary judgment. It argued that since the Act allows only 30 days after notice of termination to file a claim or privilege when a notice of contract has been filed, Brown's lien filed 53 days after notice of termination was not timely and the claim was extinguished. R.S. 9:4822 A and 9:4823 A. The court denied the motion for summary judgment concluding there *290 were genuine pertinent facts in controversy because the claim could have been validly filed for 60 days after the notice of termination of work in accordance with R.S. 9:4822 C.
Trial was held December 14, 1989. In its written opinion, the court determined that the notice of contract was not improperly filed simply because a proper bond was not attached. See LSA-R.S. 9:4811 C. Therefore, in order to preserve its claim against the owner, Brown should have filed its statement of claim within 30 days of the filing of notice of termination of work. R.S. 9:4822 A and 9:4823 A. Since Brown's claim was filed 53 days after the notice of termination of work, the claim was extinguished.
Brown appeals the judgment. It argues that its claim against the School remained viable even after the lapse of the 30-day period. It alternatively argues, should its claim under the Act be denied, that it is entitled to judgment against the School under the theory of unjust enrichment.

EXTINGUISHMENT OF CLAIMS
The Act imposes liability on owners for claims arising out of the performance of work done pursuant to a contract on the owner's property by subcontractors, laborers, and sellers despite a lack of contractual privity with the owner. LSA-R.S. 9:4802 A. Claims against the owner are secured by a privilege on the immovable on which the work was done. R.S. 9:4802 B. However, R.S. 9:4802 C creates an "escape hatch" for the owner if he fulfills certain conditions.
C. The owner is relieved of the claims against him and the privileges securing them when the claims arise from the performance of a contract by a general contractor for whom a bond is given and maintained as required by R.S. 9:4812 and when notice of the contract with the bond attached is properly and timely filed as required by R.S. 9:4811.
To avail itself of the escape hatch, the owner must assure that a bond for the general contractor has been furnished. Bowles & Edens Co. v. H & H Sewer Systems, Inc., 324 So.2d 528 (La.App. 1st Cir.1975), writ denied 350 So.2d 896 (1977). In addition, R.S. 9:4812 A requires:
A. To be entitled to the benefits of the provisions of R.S. 9:4802(C), every owner shall require a general contractor to furnish and maintain a bond of a solvent, legal surety for the work to be performed under the contract. The bond shall be attached to the notice of the contract when it is filed. (emphasis added)
Brown argues in brief that the School did not assure a bond of a solvent, legal surety. By admission of fact, the School concedes Premier did not qualify as a legal surety. C.C. art. 3065. Therefore, the escape hatch is not available to the School and it is subjected to liability as an owner in accordance with R.S. 9:4802. We find no fault with this reasoning. However, the viability of the claim is limited by R.S. 9:4823 A:
A. A privilege given by R.S. 9:4801, a claim against the owner and the privilege securing it granted by R.S. 9:4802 * * * is extinguished if: (1) the claimant or holder of the privilege does not preserve it as required by R.S. 9:4822; or (2) the claimant or holder of the privilege does not institute an action against the owner for the enforcement of the claim or privilege within one year after the expiration of the time given by R.S. 9:4822 for filing the statement of claim or privilege to preserve it[.] (emphasis added)

* * * * * *
Thus the claim and privilege securing it are extinguished if either they are not preserved as required by R.S. 9:4822 or an action is not instituted against the owner within one year after the delay provided by R.S. 9:4822. R.S. 9:4822 provides two separate delay periods:
A. If a notice of contract is properly and timely filed in the manner provided by R.S. 9:4811, the persons to whom a claim or privilege is granted by R.S. 9:4802 shall within thirty days after the filing of a notice of termination of the *291 work: (1) File a statement of their claims or privilege[.] (emphasis added)
* * * * * *
C. Those persons granted a claim and privilege by R.S. 9:4802 for work arising out of a general contract, notice of which is not filed, and other persons granted a privilege under R.S. 9:4801 or a claim and privilege under R.S. 9:4802 shall file a statement of their respective claims and privileges within sixty days after: (1) The filing of a notice of termination of the work[.] (emphasis added)
A key difference between the two provisions is whether or not a notice of contract has been properly and timely filed. The burden of proving the timeliness of the claim is upon the plaintiff. Circle H Bldg. Supply v. Dickey, 558 So.2d 680 (La.App. 1st Cir.1990); Marshall Achord Elec. Contr. v. Zeagler, 527 So.2d 51 (La.App. 3d Cir.1988). Brown asserts that since the School did not assure that a bond was executed by a solvent, legal surety, the notice of contract was not properly filed and the appropriate delay period for filing of claims is 60 days after notice of termination. R.S. 9:4822 C. Therefore, Brown's claim which was filed 53 days after notice of termination should still be a viable claim. We find this argument to be in error.
The Act states in R.S. 9:4811 C:
C. A notice of contract is not improperly filed because a proper bond is not attached.
If the notice of contract is filed, even without a bond, those persons granted a claim by R.S. 9:4802 shall file a statement of their claim within 30 days after the filing of notice of termination of work. Floyd J. Breaux Painting Contr. v. Our Lady of the Sacred Heart Church, 546 So.2d 647 (La.App. 3d Cir.1989), writ denied 551 So.2d 631. A claimant who does not have a contract with the owner and who fails to file a lien or statement of claim within the time period provided by law cannot recover from the owner for services performed or materials supplied. Breaux, supra; Eagle Plumbing, Heating & Air Cond. v. Ragusa, 517 So.2d 280 (La.App. 1st Cir.1987). Since the School filed a notice of contract as required by R.S. 9:4822 A, the 30-day delay period was applicable and the claim filed by Brown 53 days after the notice of termination of the work has been extinguished.
Brown also argues that because the School did not obtain a bond from a solvent, legal surety, the School is personally liable to subcontractors to the same extent as a surety. In support it cites Benson v. Wilkinson, 142 La. 273, 76 So. 711 (1917); R.T. Pender, Inc. v. Van Holten, 10 La. App. 349, 120 So. 726 (Orl.1929). A furnisher of material is not required to record his claim to preserve a right of action against the surety. Madison Lumber Co. v. Bachemin, 166 La. 1066, 118 So. 141 (1928). Ergo, Brown argues, the claim against the owner is not extinguished. We find no merit in this argument.
Benson and Pender, supra, were based on much earlier legislation, 1914 La.Acts No. 221 and 1922 La.Acts No. 139, § 5 (as amended by 1924 La.Acts No. 230). These statutes provided that an owner who failed to require a bond or to make the bond payable to the proper parties was liable to the same extent as a surety. These provisions are no longer part of the Act. The new Act became effective January 1, 1982. It now specifically provides for extinguishment of claims against the owner in accordance with R.S. 9:4823 A. As stated earlier, the 30-day delay period of R.S. 9:4822 is applicable under the circumstances of this case. The claim was filed 53 days after notice of termination of work. Therefore, in accordance with the latest expression of legislative will, R.S. 9:4823 A, supra, Brown's claim was not timely. We therefore conclude that the claim presented by Brown against the School is extinguished under the Act.

UNJUST ENRICHMENT
Brown argues the School was unjustly enriched as a result of the services performed and materials supplied by it for the construction project. This argument is also without merit. Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967) states the prerequisites for a successful *292 action under the theory of unjust enrichment: (1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment, and finally, (5) the action will only be allowed when there is no other remedy at law. The School paid Michael by four checks which totalled $120,000, precisely the amount required by contract for the materials and services provided. The School paid an equivalent value for what it received; the School therefore is not the party who was unjustly enriched. Furthermore, Brown was afforded a remedy at law against the School but allowed it to lapse. Brown also pursued its legal remedy against both Michael and Premier which resulted in a judgment against these parties. Since a remedy is provided at law, Brown may not resort to unjust enrichment. Minyard, supra; V & S Planting Co. v. Red River Waterway Comm., 472 So.2d 331 (La.App. 3d Cir.1985), writ denied 475 So.2d 1106. Therefore, the claim of unjust enrichment is denied. Costs are assessed to appellant, Newt Brown Contractor, Inc.
JUDGMENT AFFIRMED.