JUDE G. GRAVOIS, Judge.
12Pefendant, Rebecca Pujol, appeals a default judgment rendered against her in favor of the plaintiff, Pinegrove Electrical Supply Company, Inc. (“Pinegrove”). Mrs. Pujol also asserts exceptions of no right of action and no cause of action for the first time in this Court. On appeal, she argues that the default judgment rendered against her should be reversed because a materialman’s lien filed against her property by Pinegrove was not timely filed. She also argues that the default judgment rendered against her under the theory of unjust enrichment was improper as a matter of law because Pinegrove had another legal remedy available to it, presumably one under the Private Works Act, thereby defeating its claim for unjust enrichment.
For the reasons that follow, we find that Mrs. Pujol’s exception of no cause of action for unjust enrichment has merit and is granted. Accordingly, the default judgment rendered against Mrs. Pujol is reversed. However, Mrs. Pujol’s exception that Pinegrove has no right of action against her on the materialman’s lien claim is denied. The matter is remanded to the district court for further proceedings.

\,PROCEDURAL HISTORY AND FACTS

On July 6, 2010, Pinegrove filed a Petition on Open Account and to Enforce Ma-terialman’s Lien against Cat Key Construction, Inc. (“Cat Key”), Thomas W. Ford, Jr., a principal of Cat Key, and Mrs. Pujol, a homeowner, asserting that it sold electrical fixtures to Cat Key under an open account in 2009, which account was personally guaranteed by Mr. Ford, for installation at Mrs. Pujol’s home, for which it had not been paid by any of the defendants. In its petition, Pinegrove also stated that on July 10, 2009, it filed a “Lien Affidavit” against Mrs. Pujol’s property into the public records of Jefferson Parish. Pinegrove also asserted in its petition that Mrs. Pujol was liable to Pinegrove under the theory of unjust enrichment and prayed for judgment against Cat Key, Mr. Ford, and Mrs. Pujol jointly, severally, and in solido, for any and all damages incurred by Pinegrove, together with legal interest from date of judicial demand until paid, plus reasonable attorney’s fees and all costs of the proceeding.
Pinegrove subsequently filed a Motion for a Preliminary Default against Mrs. Pu-jol, alleging that she had been served with the petition that was filed against her and had failed to appear or file an answer to the petition within the delays allowed by law. A preliminary default was entered against Mrs. Pujol by the trial court on September 20, 2010. On September 27, 2010, Pinegrove filed a Motion to Confirm Default Judgment against Mrs. Pujol, which was heard on October 28, 2010.
At the confirmation hearing, Pinegrove’s attorney specifically stated that he was proceeding against Mrs. Pujol solely on Pinegrove’s unjust enrichment claim. Pi-negrove then presented some evidence to the effect that subsequent to filing suit against Cat Key and Mr. Ford, those two defendants had filed for bankruptcy protection. Pinegrove also presented the following testimonial evidence from |,[Peggy Benit, its Vice President: (1) Cat Key had an account with Pinegrove; (2) Mr. Ford, *1100 President of Cat Key, executed a personal guarantee on the account; (8) Cat Key charged electrical fixtures on the account; (4) the electrical fixtures purchased on the open account were delivered to Mrs. Pu-jol’s residence; (5) Mrs. Pujol personally selected the fixtures; (6) the total amount charged for the fixtures delivered to Mrs. Pujol’s residence was $8,470.72; and (7) Pinegrove had not been paid. Ms. Benit further testified that, as a result of the nonpayment, Pinegrove had filed a materi-alman’s lien against Mrs. Pujol’s property, reflecting the correct amount due, and that the attorney’s fees and filing fees incurred in connection with its filing of the lien affidavit were $250.00 and $38.00, respectively.
After reviewing the evidence presented, on November 15, 2010, the trial court rendered a Judgment of Default in favor of Pinegrove and against Mrs. Pujol in the amount of $3,470.72, plus $250.00 and $38.00 in attorney’s fees and filing fees respectively incurred by Pinegrove in connection with its filing of the lien affidavit, plus legal interest from date of judicial demand until paid, and all costs of the proceeding.
On November 29, 2010, Mrs. Pujol filed a Motion for a New Trial, arguing that the default judgment rendered against her was contrary to law and the evidence, claiming that the lien affidavit had not been timely filed, and that Cat Key’s counsel had breached his professional obligation by not informing the trial court that the lien affidavit against Mrs. Pujol’s property had not been timely filed. A hearing on the Motion for a New Trial was held on February 8, 2011. On March 10, 2011, the trial court denied the Motion for a New Trial.
1 ¿ANALYSIS

Exception of no cause of action

On her exception of no cause of action, Mrs. Pujol argues that the default judgment rendered against her under the theory of unjust enrichment cannot stand because Pinegrove had another legal remedy, presumably one under the Private Works Act, LSA-R.S. 9:4801, et seq.
The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. Ramey v. DeCaire, 2003-1299 (La.3/19/04), 869 So.2d 114, 118. No evidence may be introduced to support or controvert an exception of no cause of action. LSA-C.C.P. art. 931. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Ramey v. DeCaire, 869 So.2d at 118; Montalvo v. Sondes, 93-2813 (La.5/23/94), 637 So.2d 127, 131.
The mover has the burden of demonstrating the petition states no cause of action. Ramey v. DeCaire, 869 So.2d at 118. The pertinent question is whether, in the light most favorable to the plaintiff and with every doubt resolved in the plaintiffs behalf, the petition states a valid cause of action for relief. Id.
In its petition, Pinegrove stated that it sought to recover from Mrs. Pujol under the legal theory of unjust enrichment. Under Louisiana law, the requisite elements of a claim for unjust enrichment are: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) no other available remedy at law. Pique Severn Avenue Partnership v. Bailen, 00-1030, 00-1031 (La.App. 5 Cir. 10/31/00), 773 So.2d 6179; Newt Brown, Contractor Inc. v. Michael Builders, Inc., 569 So.2d 288 (La.App. 2 Cir.1990).
*1101 Further, LSA-C.C. art. 2298 makes it clear that the unjust enrichment remedy “is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.” The Louisiana Supreme Court recently interpreted Article 2298 in Walters v. MedSouth Record Management, LLC, 2010-0353 (La.6/4/10), 38 So.3d 243, to-wit:
Pursuant to La. Civ. Code art. 2298, the remedy of unjust enrichment is subsidiary in nature, and “shall not be available if the law provides another remedy.” See Carriere v. Bank of Louisiana, 95-3058, p. 17 (La.12/13/96), 702 So.2d 648, 671 (on rehearing). The unjust enrichment remedy is “only applicable to fill a gap in the law where no express remedy is provided.” Mouton v. State, 525 So.2d 1136, 1142 (La.App. 1st Cir.1988), writ denied, 526 So.2d 1112 (La.1988).
[[Image here]]
Moreover, we find it of no moment that plaintiffs tort claims have been held to be prescribed. The mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment. See Jim Walter Homes v. Jessen, 98-1685, p. 13 (La.App. 3 Cir. 3/31/99), 732 So.2d 699, 706 (“[t]o find that Jim Walter Homes now has no other remedy and to provide it one under unjust enrichment would be tantamount to allowing any plaintiff who let his cause of action prescribe, or any plaintiff who knowingly wrote a bad contract, to recover under an enrichment theory”).
Because the law provided plaintiff with another remedy, we find he has failed to state a cause of action in unjust enrichment. Therefore, we find the district court erred in denying defendant’s exception of no cause of action.
Though inartfully stated, Mrs. Pujol asserts that Pinegrove has other legal remedies available to it either under its open account suit against the other two defendants, Cat Key and Mr. Ford, or under the lien affidavit it filed against Mrs. Pujol’s property. Although Pinegrove presented some evidence to the effect that Cat Key and Mr. Ford had filed for bankruptcy protection, the fact that Pinegrove may ultimately prove unsuccessful in collecting from these two defendants does |7not mean that there is no legal remedy available to it so as to meet the criteria for a claim in unjust enrichment. As the Supreme Court said in Carriere v. Bank of Louisiana, 95-3058 (La.12/13/96), 702 So.2d 648, 672 (on rehearing):
The existence of a “remedy” which precludes application of unjust enrichment does not connote the ability to recoup your impoverishment by bringing an action against a solvent person. It merely connotes the ability to bring the action or seek the remedy.
Further, the Private Works Act, LSA-R.S. 9:4801, et seq., gives material suppliers like Pinegrove a legal remedy against a homeowner’s property like Mrs. Pujol’s under the described circumstances of this case despite the fact that there is no privity of contract between them. Newt Brown, Contractor Inc. v. Michael Builders, Inc., supra.[1]
*1102 Because these other legal remedies are available to Pinegrove, it does not have a cause of action against Mrs. Pujol in unjust enrichment. Accordingly, Mrs. Pujol’s exception of no cause of action in unjust enrichment is granted, and the default judgment rendered against her on unjust enrichment is reversed.

Exception of no right of action

Mrs. Pujol also filed an exception of no right of action in this Court against Pinegrove, arguing that it had no right of action to enforce the materialman’s lien against her because on its face, the lien affidavit in the record was not timely filed. An exception of no right of action addresses itself to whether the party it is asserted against has any interest in enforcing judicially the right alleged against the mover. LSA-C.C.P. arts. 681; 927. Under the facts asserted in Pinegrove’s petition as recited above, Pinegrove clearly has a right of action against Mrs. Pujol under the | ^Private Works Act. Mrs. Pujol’s exception of no right of action merely states a defense to enforcement of the lien (as allegedly being not timely filed). An exception of no right of action may not be brought to urge a defense to the effect that the plaintiff is without an interest becausé the defendant has a defense to the plaintiffs action. Wonycott v. Wonycott, 579 So.2d 506, 508 (La.App. 4 Cir.1991). Without expressing any opinion as to the merits of Pinegrove’s materialman’s lien claim .against Mrs. Pujol or Mrs. Pujol’s defenses thereto, we find that Pinegrove has a right of action against Mrs. Pujol pursuant to the Private Works Act. Accordingly, Mrs. Pujol’s exception of no right of action is denied.

CONCLUSION

For the foregoing reasons, Mrs. Pujol’s exception of no cause of action for unjust enrichment is hereby granted. Accordingly, the default judgment rendered against Mrs. Pujol is hereby reversed. Mrs. Pu-jol’s exception of no right of action to enforce the materialman’s lien is hereby denied. This matter is remanded to the district court for further proceedings.

EXCEPTION OF NO CAUSE OF ACTION GRANTED; DEFAULT JUDGMENT REVERSED; EXCEPTION OF NO RIGHT OF ACTION DENIED; MATTER REMANDED

. In Newt Brown, the subcontractor (Newt Brown) filed suit under the Private Works Act against the general contractor (Michael Builders) and the owner (School) seeking an in solido award for labor and materials it supplied on the School project. The trial court rendered judgment in favor of Newt Brown and against Michael Builders for the full amount prayed for but denied Newt Brown’s demands against the School. The court of appeal affirmed, reasoning that Newt Brown's claim against the School fell under *1102 the Private Works Act, but that Newt Brown's claim against the School under the Act was extinguished because of Newt Brown's failure to timely file its lien statement. The court further held that Newt Brown was not enti-tied to recovery against the School under unjust enrichment, because Newt Brown "was afforded a remedy against the School but allowed it to lapse.” 569 So.2d at 292.