KERRY FRAINO, ET AL.

VERSUS

CHRISTOPHER JOSEPH FRAINO, SR., ET
AL

NO. 24-C-173

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 738-081, DIVISION "B"
HONORABLE R. CHRISTOPHER COX, III, JUDGE PRESIDING

June 17, 2024

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT GRANTED; JUDGMENT REVERSED; EXCEPTIONS OF NO
CAUSE OF ACTION AND NO RIGHT OF ACTION GRANTED; RULE
FOR CONTEMPT DISMISSED**
    **JGG**
    **SUS**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
CHRISTOPHER JOSEPH FRAINO, SR.
    Robert G. Harvey, Sr.

COUNSEL FOR PLAINTIFF/RESPONDENT,
SUSAN E. BROWN, CPA/CFF, CFE AND BROWN FORENSIC
ACCOUNTING, APAC
    James E. Moorman, III

**GRAVOIS, J.**

Christopher Fraino seeks this Court's supervisory review of the trial court's March 13, 2024 judgment which denied his exceptions of no cause of action and no right of action relative to a Rule for Contempt filed by plaintiffs-in-rule, Susan E. Brown, CPA/CFF, CFE and Brown Forensic Accounting, APAC (hereinafter collectively "Ms. Brown"). For the following reasons, we grant the writ application, reverse the trial court's judgment which denied Mr. Fraino's exceptions of no cause of action and no right of action, grant the exceptions of no cause of action and no right of action, and dismiss the Rule for Contempt.

## FACTS AND PROCEDURAL BACKGROUND

By way of background, this suit involved a divorce proceeding between Kerry Fraino and Christopher Joseph Fraino, Sr., which included a protracted community property partition proceeding. In a series of consent judgments pertaining to the partition proceeding, the parties agreed to use a particular forensic accounting firm, with Mr. Fraino being responsible for paying 100% of the fees associated therewith. In due course, the original accounting firm was replaced in another consent judgment between the parties, with Susan Brown and her firm being appointed as the new forensic accountant. Mr. Fraino continued to be responsible for the fees associated therewith.

According to the writ application, the partition was finally settled between the Frainos on March 1, 2023, memorialized in a consent judgment. Shortly thereafter, Ms. Brown filed a "Rule for Contempt" against Mr. Fraino in the closed domestic proceeding. Therein, she alleged that the consent judgments of February 8, 2019 and June 20, 2019 provided for her appointment as a joint expert in the case and further ordered that "Christopher Joseph Fraino shall pay 100% of the fees associated with [plaintiffs-in-rule]." She further alleged that she performed all of the duties required of her in a timely and professional manner, and upon the completion of her "mandate," there remained a balance due and owing by Mr. Fraino to Ms. Brown

24-C-173                                         1

in the full sum of $12,790.00.[1]  She further alleged that pursuant to the "contractual agreement" between Mr. Fraino and Ms. Brown, all outstanding balances were to be paid within 30 days of each invoice; yet despite informal and formal demands, Mr. Fraino had failed to pay the same.  In the Rule for Contempt, Ms. Brown sought a judgment ordering Mr. Fraino to immediately pay her the outstanding balance, together with contractual interest, all additional fees incurred by Ms. Brown in collection of the past due balance, reasonable attorney's fees, and all costs incurred therein.

In response, Mr. Fraino filed exceptions of no cause of action and no right of action to the Rule for Contempt.  Following a hearing on the exceptions, the trial court orally denied the exceptions.  A written judgment to this effect was signed by the trial court on March 13, 2024.  This timely writ application followed.

In his writ application, Mr. Fraino argues that a rule for contempt cannot be used to obtain a money judgment against him, and because Ms. Brown has not first obtained a money judgment against him in a separate proceeding, the Rule for Contempt does not assert a cause of action against him for contempt of court, to wit:

> Contempt proceedings are strictly construed: a person is either in contempt of the court or they are not; it is not a proceeding to try a matter of degrees, or to be used for a third party to collect a debt.  This would lead to the absurd result of Mr. Fraino, or any litigant in a divorce proceeding where a third party's charges are mentioned in a consent agreement, to lack the procedural due process to put on a proper defense to such outstanding bills and to question the validity or content of the bills, at all, without risking the ire of the court and contempt proceedings.

Mr. Fraino argues that the purpose of a contempt proceeding is to vindicate the authority and dignity of the court, and not for the benefit of the litigants.  He contends that Ms. Brown's Rule for Contempt does not assert a cause of action for contempt under La.

---

[1] This suggests that some of Ms. Brown's bill was in fact paid.  Mr. Fraino has asserted in his writ application that he has paid part of the bill, but disputes other portions thereof.

C.C.P. art. 224[2] or La. R.S. 13:4611.[3] He asserts that the Rule for Contempt is devoid of any mention that Mr. Fraino "intentionally, knowingly and purposefully" violated an order of the court. He argues that the use of a motion for contempt as a collection device is not recognized under Louisiana law, and collection of a debt is not recognized as a remedy for contempt, citing La. R.S. 13:4611 and La. C.C.P. arts. 221-227.[4] He further argues that as a nonparty, Ms. Brown has no right of action to move for contempt of court.

## ANALYSIS

### *Exception of no cause of action*

The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *Pinegrove Elec. Supply Co. v. Cat Key Const., Inc.*, 11-660 (La. App. 5 Cir. 2/28/12), 88 So.3d 1097, 1100. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Pinegrove*, 88 So.3d at 1100. The mover has the burden of demonstrating the petition states no cause of action. *Id.* The pertinent question is whether, in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's behalf, the petition states a valid cause of action for relief. *Id.*

The Louisiana Code of Civil Procedure defines contempt of court as "any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." La. C.C.P. art. 221. There are two kinds of contempt of court: direct and constructive. *Id.* Constructive contempt is any contempt other than a direct one, including the willful disobedience of any lawful judgment, order, mandate, writ, or process of the court. La. C.C.P. art. 224. To find a person guilty of

---

[2] La. C.C.P. art. 224 provides generally as to constructive contempt.

[3] La. R.S. 13:4611 provides generally as to punishment for contempt of court.

[4] These articles concern the power of the courts to punish for contempt.

constructive contempt, the court must find the person violated an order of the court "intentionally, knowingly and purposefully," without justifiable excuse. *Barnett v. Barnett*, 15-766 (La. App. 5 Cir. 5/26/16), 193 So.3d 460, 470, *writ denied*, 16-1205 (La. 10/10/16), 207 So.3d 406. Contempt proceedings are designed for the vindication of the dignity of the court, rather than for the benefit of a litigant. *Id.*

In his writ application, Mr. Fraino argues that Ms. Brown has ordinary remedies available to her to attempt to collect the fees allegedly owed to her, such as a breach of contract suit or a suit on an open account, where he could present his defenses to her claims of nonpayment. He asserts that he is precluded from raising any defenses to her claims in this contempt proceeding, as the matter currently stands. He alleges that he paid most of Ms. Brown's charges, which the Rule for Contempt does not recognize or explain, but disputes that he owes the remaining amount claimed.

In *State ex rel. Hero*, 36 La. Ann. 352 (1884), the trial court issued an order or writ of sequestration, commanding the sheriff to sequester certain property belonging to a succession and stated to be in the possession of the relator, Andrew Hero, a nonparty to the succession proceeding. When the sheriff demanded that Hero deliver the property, Hero denied that he possessed the property and failed to make delivery. The trial court found as a matter of fact that Hero possessed the property, held him in contempt, and imprisoned him for ten days or until he delivered the property. *Id.* at 352. On appeal, the Supreme Court found that the order to sequester the property was not enforceable via a contempt proceeding against a nonparty to the suit. *Id.* at 355. The court noted that Hero was not involved in the succession proceeding, and the order in question merely commanded the sheriff to sequester the property. The court reasoned that the order was not enforceable by contempt against Hero because, in general, the law does not authorize the enforcement of final judgments, and much less of *ex parte* orders, directing the delivery of property by process for contempt. *Id.* at 354. The court therefore concluded that the judgment holding Hero in contempt was null and void. *Id.* at 354-55.

A similar result was reached in *State ex rel. Duffy & Behan v. Civil Dist. Ct. for Parish of Orleans*, 112 La. 182, 36 So. 315 (1904), in which the order in question commanded the civil sheriff to seize certain property, including $3,000. Claiming that the money was not in their possession or under their control, the relators did not deliver the money to the sheriff and were thereafter held in contempt. *Id.* at 318. On appeal, the Supreme Court found that the case was controlled by *Hero,* which it quoted at length. The court was concerned that a contempt proceeding would become an easy and convenient substitute for the usual legal remedies provided by the then Code of Practice for the enforcement of private rights and obligations of litigants in judicial proceedings. It stated that a contempt proceeding is not designed for the benefit of one or more of the litigants, but its object and purpose is to vindicate the authority and maintain the dignity of the court itself. *Id.* It declared that, when a specific remedy is provided by the code, it should be followed rather than disregarded through a mere change in the form of the proceedings. *Id.* at 319.

For purposes of this exception, we agree with Mr. Fraino's assertion that the "Rule for Contempt" filed by Ms. Brown is not a valid suit for a money judgment. Examination of the Rule for Contempt shows that it fails to state a valid cause of action for contempt of court against Mr. Fraino. First, the Rule fails to allege that Mr. Fraino "intentionally, knowingly and purposefully" violated an order of the court. *See Barnett*, *supra*. Second, the Rule improperly attempts to seek a money judgment in favor of Ms. Brown. The object of a contempt proceeding is vindication of the dignity of the court, rather than for the benefit of a litigant. *Id.* Third, the consent judgments at issue themselves do not specifically order Mr. Fraino to pay Ms. Brown any particular invoices or amounts—the judgments only determine which party to the suit, as between Mr. and Mrs. Fraino, shall eventually be responsible for payment of the forensic accountant's fees, once legally established.

Accordingly, we conclude the trial erred in denying the exception of no cause of action as to Ms. Brown's Rule for Contempt. We grant the exception and dismiss the Rule for Contempt.

***Exception of no right of action***

The exception of no right of action raises the issue of whether a particular plaintiff falls as a matter of law within the general class of persons in whose favor the remedy may be asserted. Unlike the exception of no cause of action, on the trial of the exception of no right of action, evidence is admissible to support or controvert the issue of whether there is a right or interest in the particular plaintiff to institute the suit. A determination of whether a plaintiff has a right to bring an action raises a question of law. A question of law requires *de novo* review. *Villarrubia v. Villarrubia*, 18-320 (La. App. 5 Cir. 12/27/18), 264 So.3d 554, 562, citing *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 10-2267 (La. 10/25/11), 79 So.3d 246, 252.

Regarding the exception of no right of action, Mr. Fraino argues that the consent judgments between him and Mrs. Fraino determined which of them would be liable, as between them, for the accountant's fees, and that the consent judgments did not confer a right upon a nonparty, Ms. Brown, to sue within the divorce proceeding for contempt for nonpayment of these fees. Nor did the consent judgments order Mr. Fraino to pay Ms. Brown a particular sum or an invoice. Therefore, as Ms. Brown is not a party to the suit, nor a party to the consent judgments, he argues that she has no right of action within the divorce suit to sue for contempt to enforce the judgments. He also noted that Ms. Brown is not the beneficiary of a stipulation *pour autrui* (a contractual benefit for a third party) in the consent judgments, which must be express.

While it is true that a judge may find a nonparty in contempt of court for willful failure to abide by a lawful order of the court, the converse is not true. There are several analogous cases from our circuit which hold that a nonparty may not move for sanctions against a party.

In *Thiel v. State Farm Mut. Auto. Ins. Co.*, 14-879 (La. App. 5 Cir. 5/28/15), 171 So.3d 375, *writ denied*, 15-1259 (La. 10/9/15), 186 So.3d 1150, OCCL, a nonparty, moved for discovery sanctions against the defendants (parties to the suit) under La. C.C.P. art. 1420. The trial court granted the motion and awarded the nonparty

sanctions, attorney's fees, and costs. *Id.* at 377. On appeal, this Court granted an exception of no right of action in favor of the defendants and vacated the judgment of sanctions. *Id.* at 378. This Court reasoned that statutes that order sanctions, like La. C.C.P. art. 1420 and 863, are to be strictly construed. The court noted the plain language of Article 1420(D), which states, in relevant part: "If, upon motion *of any party* or upon its own motion ... ." (Emphasis added.) Accordingly, OCCL, as a nonparty, had no right of action against the defendants for discovery sanctions. *Id.*

Likewise, in *Lockett v. UV Ins. Risk Retention Grp., Inc.*, 15-166 (La. App. 5 Cir. 11/19/15), 180 So.3d 557, the underlying lawsuit was brought by the plaintiff Lockett against the defendant tortfeasors and their insurers in a personal injury case. *Id.* at 560. Lockett's nonparty treating physicians moved to hold the defendants liable for the attorney's fees they incurred in defending the defendants' subpoenas *duces tecum* and corporate depositions over the issue of potential bias and/or financial motives with respect for their treatment of the plaintiff, and were awarded sanctions, attorney's fees, and costs. *Id.* at 572-73. The defendants appealed. This Court found that as nonparties to the action, the treating physicians had no right of action for sanctions, attorney's fees, and costs against the defendants under La. C.C.P. art. 1420(D). *Id.* at 575.

We are guided by the analyses in the above cases. Under the circumstances presented, we conclude that as a nonparty to the partition suit, Ms. Brown does not have a right of action to request contempt sanctions against Mr. Fraino. Accordingly, the trial court erred, as a matter of law, in denying Mr. Fraino's exception of no right of action as to Ms. Brown's Rule for Contempt. We grant the exception of no right of action and dismiss the Rule for Contempt on this basis as well.

## CONCLUSION

This writ application is granted. The trial court's judgment which denied Mr. Fraino's exceptions of no cause of action and no right of action as to Ms. Brown's Rule for Contempt is reversed. The

exceptions of no cause of action and no right of action are granted.

The Rule for Contempt filed by Ms. Brown is dismissed.

**<u>WRIT GRANTED; JUDGMENT REVERSED;
EXCEPTIONS OF NO CAUSE OF ACTION
AND NO RIGHT OF ACTION GRANTED;
RULE FOR CONTEMPT DISMISSED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JUNE 17, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-173**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
R. CHRISTOPHER COX, III (DISTRICT JUDGE)
ROBERT G. HARVEY, SR. (RELATOR)          JAMES E. MOORMAN, III (RESPONDENT)

**MAILED**